# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-668-FDW

| | |
|---|---|
| TYRONE SIFFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DARLENE DREW, ) | |
| Warden, FCI Bennettsville, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1).

## I. BACKGROUND

In this action filed on November 16, 2017, pursuant to 42 U.S.C. § 1983, pro se Plaintiff Tyrone Sifford alleges that he is a resident of Charlotte, North Carolina, and that he is currently a federal inmate on home confinement under the custody, care, and control of the Federal Bureau of Prisons. Plaintiff filed this action against various individuals employed at all relevant times at the Federal Correctional Institution located in Bennettsville, South Carolina. Plaintiff purports to bring a claim for deliberate indifference to serious medical needs against the individual Defendants arising out of medical treatment he received while he was incarcerated at FCI Bennettsville.

## II. DISCUSSION

Because the individual Defendants are federal employees, Plaintiff is bringing his claim as a Bivens action. Chiang v. Lappin, Civil Action No. RDB-07-1017, 2008 WL 2945434, at *5

1

(D. Md. July 24, 2008) ("Because Plaintiff has brought his suit against federal officials, however, it is well established that he must pursue his claims under Bivens"). In a <u>Bivens</u> claim, venue is established by 28 U.S.C. § 1391(b). <u>Simpson v. Fed. Bureau of Prisons</u>, 496 F. Supp. 2d 187, 193 (D.D.C. 2007). 28 U.S.C. § 1391(b) provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. Therefore, under Section 1391, Plaintiff's <u>Bivens</u> action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which is the District of South Carolina. The Court will therefore transfer this action to the District of South Carolina.

### III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the District of South Carolina.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's action is transferred to the District of South Carolina.
2. The Clerk is instructed to terminate this action.

Signed: November 28, 2017

Frank D. Whitney
Chief United States District Judge